**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| JOSE PAEZ, § | |
|         Plaintiff, § | |
| V. § | A-24-CV-645-DII |
| § | |
| FAMILY DOLLAR STORES OF § | |
| TEXAS, LLC AND EMELY § | |
| ORELLANA, § | |
|         Defendants. § | |

**ORDER AND REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Before the court are Plaintiff's Motion to Remand (Dkt. 11), Defendants' Response (Dkt. 12), and Plaintiff's untimely Reply (Dkt. 24).[1] After reviewing the pleadings, the entire case file, and the relevant case law, the undersigned submits the following Report and Recommendation to the District Judge.

**I. BACKGROUND**

This litigation arises out of a slip-and-fall accident. Plaintiff Jose Paez ("Paez") alleges that on February 26, 2020, while shopping at a Family Dollar store in Austin, Texas, he slipped on standing liquid and fell to the floor causing severe injuries. Dkt. 1-3 at 6 (Orig. Pet.) ¶ 4.1; Dkt. 1-3 at 297 (Amd. Pet.) § VI. Paez originally alleged that at the time of the incident, Defendant Emely Orellana ("Orellana") was working and performing maintenance on a piece of equipment in the Family Dollar store. Orig. Pet. at ¶ 4.2. According to the state court Original Petition, Orellana

---

[1] The Motion was referred by United States District Judge Robert Pitman to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated July 26, 2024.

1

either spilled the liquid or caused a leak to occur on the floor. Dkt. 1-3 (Orig. Pet.) at 6 ¶ 4.3 Paez further alleged that Orellana previously saw the standing liquid that she caused and saw Paez enter the store, but "failed to warn him of the hazard that she had created." *Id*. ¶ 4.4. Paez alleged that his injuries required emergency medical hospitalization, as well as chiropractic and orthopedic treatment. *Id*. ¶ 4.1.

Based on these events, Paez filed suit against Orellana and seven corporate entities affiliated with the Family Dollar store ("Defendants") in the 345th Judicial District Court, of Travis County, alleging negligence claims. Dkt. 1-3 at 6 (Orig. Pet.).

On January 19, 2022, Defendants removed the case to federal court, alleging that complete diversity existed among the real parties in interest and that the amount in controversy exceeded $75,000.00, exclusive of interest and costs. *See* Dkt. 1 in 1:22-CV-52-RP (*Paez I*). Defendants asserted nondiverse-defendant Orellana was improperly joined to defeat diversity, and thus asserted that Orellana's citizenship should be ignored for jurisdictional purposes. *Id*. Paez moved to remand the case, and the District Judge referred the motion to the undersigned. *Paez I*, Dkt. 7; *Paez I*, Text Order dated April 25, 2022.

After reviewing the case law, the undersigned determined that Texas law permits claims against an individual employee who was actively involved in the allegedly negligent act on which the suit against the business owner is based. *Paez I*, Dkt. 11 at 5-6 (citing cases). The undersigned found Paez had alleged facts indicating that Orellana was personally involved in the conduct that caused his injury. *Paez I*, Dkt. 11 at 6. Specifically, Paez claimed that Orellana was negligent in repairing store equipment, thereby causing a liquid spill or leak and creating a hazard which eventually caused Paez's injury. *Id*. (citing Orig. Pet. at ¶¶ 4.2-4.4). Accordingly, the undersigned

recommended that the case be remanded for lack of diversity jurisdiction. *Paez I*, Dkt. 11 at 7. The District Judge adopted that recommendation and remanded the case to state court. *Paez I*, Dkt. 15.

On May 13, 2024, Paez filed his amended state court petition. Amd. Pet. Paez continued to name Orellana as a defendant and identified her as the store manager. Amd. Pet. at VI. Paez alleged that "[b]oth the liquid Mr. Paez slipped on, and the aisle obstructions that obscured its visibility, were created by Family Dollar and its employees, including Emely Orellana." *Id*. But Paez removed all specific facts as to Orellana's responsibility for his fall. *Id*.

On June 11, 2024, Family Dollar removed the suit again, claiming that Paez had failed to state a viable claim against Orellana, who had been improperly joined to defeat diversity.[2] Dkt. 1. Family Dollar acknowledges its second removal is long after the 1-year deadline to remove a case based on diversity jurisdiction. *See* 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."). However, Family Dollar argues the 1-year bar does not apply because Paez acted in bad faith in originally asserting claims against Orellana.

The parties dispute whether Paez has stated a claim against Orellana and, if not, whether Paez acted in bad faith in originally asserting his claims against Orellana. Before turning to these issues, the court first addresses Paez's late-filed reply brief.

---

[2] The court is satisfied that the amount in controversy requirement is met. *See* Amd. Pet. § IV ("seeking monetary relief of over $1,000,000.00"). The court is also satisfied that Paez is a citizen of Texas. Dkt. 28. The court is also satisfied that Defendant Family Dollar Stores of Texas, LLC has demonstrated it is a citizen of Virginia. Dkt. 1 ¶¶ 12-16 and referenced exhibits.

## II. REPLY BRIEF

Paez's Motion to Remand was filed on July 11, 2024. Dkt. 11. Family Dollar's response was filed 14 days later on July 25, 2024. Dkt. 12. The District's Local Rules provide that a "[a] reply in support of a motion shall be filed not later than 7 days after the filing of the response to the motion." L.R. CV-7(e)(2). Thus, Paez's reply was due August 1, 2025. However, Paez did not file his reply until sometime very late the night before the hearing. Dkt. 24. In fact, Paez's reply was filed so late that the court did not receive notice of its filing and was unaware of its existence until Paez mentioned the reply at the hearing.

Paez did not seek leave of court to file his untimely reply, and he offered no explanation for why it was filed so late. Accordingly, the court **STRIKES** the reply. Dkt. 24.

## III. APPLICABLE LAW

The federal removal statute, 28 U.S.C. § 1441(a), permits a defendant to remove any civil action to federal court that falls within the original jurisdiction of the district courts. One such grant of authority is found in 28 U.S.C. § 1332. That statute provides the district courts with original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . .and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). Removal is only proper in such cases, however, if there is complete diversity of citizenship among the parties at the time the complaint is filed and at the time of removal. *Mas v. Perry*, 489 F.2d 1396, 1398-99 (5th Cir. 1974). Moreover, none of the parties properly joined and served as defendants may be citizens of the state in which the action is brought. *See* 28 U.S.C. § 1441(b).

However, a non-diverse defendant may be disregarded for the purpose of analyzing complete diversity if the non-diverse defendant was improperly joined. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011) (citing *McDonal v. Abbott Labs.*, 408 F.3d

4

177, 183 (5th Cir. 2005)). The burden to establish improper joinder is on the removing party, and it is a heavy one. *Cuevas*, 648 F.3d at 249. The removing party must establish either "(1) actual fraud in the pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc). Under the second prong, "the court must determine whether 'there is arguably a reasonable basis for predicting that state law might impose liability.'" *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007) (quoting *Ross v. Citifinancial, Inc.* 344 F.3d 458, 462 (5th Cir. 2003)). "This means that there must be a reasonable possibility of recovery, not merely a theoretical one." *Ross*, 344 F.3d at 462; *see also Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) ("We do not determine whether the plaintiff will actually or even probably prevail on the merits of the claim, but look only for a possibility that the plaintiff might do so."). If a court finds there is a reasonable possibility that the plaintiff will prevail on its claim against the non-diverse defendant, the district court must remand the case. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.*, 99 F.3d 746, 751 (5th Cir. 1996).

Courts determine whether there is a possibility of recovery in one of two ways. One way is to conduct a "Rule 12(b)(6)-type analysis," looking to the face of the complaint to assess whether it states a claim against the non-diverse defendant. *Smallwood*, 385 F.3d at 573. The other way is to "pierce the pleadings" and conduct a Rule 56-type analysis. *Id*. The latter approach, however, is only appropriate where the summary judgment evidence reveals that the plaintiff has withheld facts relevant to the propriety of joinder. *Id*.

## IV. ANALYSIS

### A. Orellana's Joinder

In the instant case, the issue of improper joinder rests upon whether or not Paez can establish a reasonable basis to hold nondiverse defendant Orellana individually liable. It is well established under Texas law that an "employee is personally liable for tortious acts which he directs or participates in during his employment." *Leyendecker & Assocs., Inc. v. Wechter*, 683 S.W.2d 369, 375 (Tex. 1984). But an employee may not be held individually liable unless he breaches an independent duty of care he owed to the injured party that is separate from the duty owed by the employer. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996)).

In cases where courts have held a store manager or employee to be potentially liable, the plaintiffs alleged the employee was directly involved in the conduct that caused the plaintiff's injuries. In *Sackett*, for example, the plaintiff was injured when he sat on a hammock display and it collapsed. *Sackett v. Russell Williams and TSA Stores, Inc*., 2013 WL 11274251, at *1 (W.D. Tex. Nov. 18, 2013). The court held that the plaintiff stated a cause of action against the manager on duty because he alleged the manager "by and through his actions or inactions, failed to reasonably ensure the safe placement, construction, inspection, display, or warnings of the hammock at the time of the incident." *Id*. at *4; *see also Land v. Wal-Mart Stores of Texas, LLC*, 2014 WL 585408, at *4 (W.D. Tex. Feb. 13, 2014) (holding defendant properly joined because plaintiff alleged employee negligently operated floor cleaning machine and actually created the dangerous wet floor condition which caused the plaintiff's fall); *Gonzalez v. Wal-Mart Stores of Texas, LLC*, 2013 WL 1827924, at *2 (S.D. Tex. Apr. 30, 2013) (plaintiff alleged employee negligently inspected and serviced a tire); *Guzman v. Cordero*, 481 F. Supp. 2d 787, 788, 790

6

(W.D. Tex. 2007) (same); *Rios v. Cooper Tire & Rubber Co.*, 2015 WL 12762259, at *7 (E.D. Tex. Apr. 30, 2015) (finding a corporate employee may be individually liable for plaintiffs' negligence claims where the employee "directly and personally participated in the inspection of the van, exposing her to potential liability"); *Lyle v. 24 Hour Fitness, USA, Inc.*, 2014 WL 5094126, at *4 (W.D. Tex. Oct. 10, 2014) (noting that Texas law creates an independent duty for an employee in a negligence suit when "the pleadings alleged the store manager or agent played a personal role in creating the dangerous condition at issue.).

By contrast, where the employee was merely indirectly involved, or the plaintiff did not allege active involvement, courts have held plaintiffs could not recover from the employee. In *Gonzalez*, the plaintiff slipped and fell, but because she did not "plead that [the manager] personally directed or participated in any of the alleged negligent acts," the manager was improperly joined, and the court refused to remand the case. *Gonzalez v. Wal-Mart Stores*, 2010 WL 1417748, at *3 (W.D. Tex. Mar. 31, 2010); *see also Mascorro v. Wal-Mart Stores Inc.*, 2015 WL 3447987, at *3 (W.D. Tex. May 28, 2015) (holding manager improperly joined because plaintiff did not allege direct involvement); *Torres v. Hobby Lobby Stores, Inc.*, 2013 WL 6157916, at *6 (W.D. Tex. Nov. 22, 2013) (dismissing claim against manager because plaintiff did not allege facts supporting manager "was in any way involved with the tortious conduct").

Paez no longer asserts the specific facts alleged against Orellana in his Original Petition that the court relied upon to find he had stated a claim against Orellana. In fact, Paez asserts no specific facts as to Orellana, except that she was the store manager. Amd. Pet. at VI. In his motion to remand, Paez alleged additional facts related to the incident—that a truck delivers new stock to the store on Wednesdays (Paez slipped on a Wednesday), Orellana is responsible for placing new orders, two employees unload the truck, and three employees do the stocking—but none of these

facts demonstrate Orellana's personal liability for Paez's fall. *See* Dkt. 11 ¶ 6. Paez also argues Orellana

> was actively engaged in stocking the store with the new merchandise that had come in on the truck that morning and personally *created* the unreasonably dangerous conditions that caused Plaintiff's fall . . . . Specifically, she spilled water from a water bottle on the floor, then failed to clean it up or warn Plaintiff or any other customers about the hazard that she had just created . . . . Further, Orellana obscured the water she spilled by placing the U-boat, and merchandise unloaded from the truck, on the floor haphazardly throughout the aisles and walking path where the fall occurred . . . .

*Id*. ¶ 22. But these facts are not alleged in the Amended Petition, and Paez provides no citation to the record to support these allegations. Paez then argues he alleged negligence as to Orellana in the bullet list of generalized negligence allegations in the Amended Petition. *Id*. But again, none of those allegations are specific as to Orellana or allege specific facts as to Orellana. Finally, citing her deposition, Paez argues that Orellana admitted that the state of the store when Paez slipped violated many Family Dollar policies. *Id*. ¶ 25. But again, that is not pleaded in the Amended Petition. And, even if it were, it does not imply that Orellana was personally involved in those policy violations.

Paez did not allege any facts in the Amended Petition that Orellana was personally involved in creating the conditions that caused his fall. Furthermore, the court also notes that despite Plaintiff's argument that "store manager Orellana . . . was continuously present at the store prior to Plaintiff's arrival through the time of the incident," Dkt. 11 at 11, Orellana's deposition testimony is clear that she was not at the store when Plaintiff was injured. Dkt. 11-2 at 27:2-7; 61:21-62:2. Paez also states that he "filed suit against Orellana based on the information available to his then-counsel—information that Plaintiff subsequently learned was inaccurate and amended his Petition to correct." Dkt. 11 ¶ 34. Accordingly, the undersigned finds Orellana was improperly joined and her citizenship should be disregarded for the purposes of diversity.

### B. Timeliness

However, the more difficult issue for the court is whether Family Dollar's second removal is timely. "A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446 (c)(1).

The Fifth Circuit addressed the bad faith exception in *Hoyt v. Lane Construction Co.*, 927 F.3d 287 (5th Cir. 2019). When determining whether a plaintiff improperly joined a non-diverse defendant, courts "resolve all contested factual issues . . . in favor of the plaintiff." *Hoyt*, 927 F.3d at 293. "That makes sense because, when considering whether 'the plaintiff [is able] to establish a cause of action against the non-diverse party in state court,' the question is what the plaintiff might prove *in the future*." *Id*. "When it comes to bad faith, by contrast, the question is what motivated the plaintiff *in the past*—that is, whether the plaintiff's litigation conduct meant to prevent a defendant from removing the action." *Id*.

In *Hoyt*, the family of a deceased driver who slid off an icy road into water and drowned filed suit against three companies that plaintiffs asserted had performed construction work on the road and caused the ice to form. The state court granted the summary judgment motion of one of the defendants. The plaintiffs engaged in settlement negotiations with another defendant, Storm Water Management, but reached no agreement and voluntarily dismissed their claims against Storm one year and two days after filing suit. The third defendant, Lane Construction, then removed the suit. The district court found Storm had been added to the suit in bad faith. Reviewing the district court's bad-faith finding for clear error, the Fifth Circuit affirmed. *Id*. at 292-93. Specifically, the Fifth Circuit noted that the district court found the Hoyts "knew months

beforehand that the evidence would not support the claims against Storm," "dismissed Storm a mere two days after the one-year deadline expired . . . . without receiving any consideration from Storm," "pursued their claim against Storm only half-heartedly," did not include any fact witnesses from Storm on their witness list, and the Hoyts' expert witnesses made no serious attempt to establish Storm's liability. *Id*. at 292.

In *DeLeon v. Tey*, 2013 WL 7157957 (S.D. Tex. Dec. 4, 2013), the district court found the plaintiff's joinder of an in-state doctor was done in bad faith and likely in collusion with the doctor. *Id*. at *3-*4. There, the plaintiff's expert's report barely mentioned the claims against the in-state doctor and the doctor had failed to raise a very obvious limitations period defense. *Id*.

In *Guerrero v. C.R. England, Inc.*, 2023 WL 3480903 (S.D. Tex. May 16, 2023), the district court, like this court, faced a second removal after the 1-year mark where the defendant alleged bad faith joinder. In *Guerrero*, the forum defendants remained in the case at the time of removal. Despite previously finding the plaintiffs had viable claims against the forum defendants, after the second removal the court found the forum defendants had been joined in bad faith because the plaintiffs had not actively pursued their claims against them. The plaintiffs had not served them with discovery and had not deposed them. Additionally, one plaintiff stated in his deposition that one non-forum defendant was the sole cause of the crash at issue. The plaintiffs' expert opined the accident was the non-forum defendant's fault, opined one forum defendant was not at fault, and did not mention the other forum defendant. Further, one forum defendant's expert opined the non-forum defendant was at fault and placed no blame on either the plaintiffs or the other forum defendant. Finally, although the plaintiffs had alleged one forum defendant was following too closely, that forum defendant was not even involved in the crash. Accordingly, the court found "[p]laintiffs' half-hearted pursual of the claims against the forum [d]efendants [was] not sufficient

to convince [the court] that [p]laintiffs ever intended to pursue a claim against forum Defendants." *Id*. at *4. With that conclusion, the court concluded the forum defendants were sued for the sole purpose of preventing removal and the plaintiffs acted in bad faith to prevent removal. *Id*.

Paez argues he has vigorously litigated his case against Orellana from the very beginning and continues to do so in year four of this litigation. Dkt. 11 ¶ 34. But Family Dollar argues Paez has served no discovery on Orellana,[3] has served no expert report supporting liability against Orellana or discussing her liable conduct,[4] has made no settlement demand to Orellana, and has had no settlement negotiations with her. Dkt. 12 ¶ 20. Family Dollar's argument is simply that because Paez has now corrected his erroneous original allegations, those allegations must have been made in bad faith.

Paez originally alleged that Orellana "was performing work and maintenance on a piece of equipment" and "[w]hile working on the equipment, Orellana either spilled a liquid substance on the floor or she caused a leak to occur on the floor where Paez walked in and fell." Org. Pet. ¶¶ 4.2-4.3. Paez also alleged Orellana saw him enter the store and failed to warn him about the spill. *Id*. ¶ 4.4. His Amended Petition merely pleads that "Both the liquid Mr. Paez slipped on, and the aisle obstructions that obscured its visibility, were created by Family Dollar and its employees, including Emely Orellana." Amd. Pet. § VI. Paez offers no explanation for his original belief that Orellana caused the spill by working on equipment or for his changed belief that the substance on the floor came from Orellana's water bottle, as argued at the hearing.

---

[3] However, Paez did depose Orellana. It is unclear to the court what written discovery Family Dollar believes Orellana might have that is responsive to any issue in this suit.

[4] It is unclear to the court how an expert would opine specifically as to Orellana's alleged liability since the fact issues with respect to her seem to be who spilled the liquid on the floor and who was responsible for the placing the boxes in such a manner that the spill was obscured.

11

Paez's argument that he has vigorously pursued his claims against Orellana is difficult to believe. The state court issued summons for Orellana on December 8, 2021. Dkt. 1-3 at 31. But she did not answer until February 20, 2024, after Paez subpoenaed her for a deposition. Dkt. 1-3 at 158. The court understands that Family Dollar mistakenly informed Paez that Orellana no longer worked for it, but Paez has offered no explanation for any other steps he took to locate Orellana over the interim years.

Fact discovery has closed in this case. Dkt. 16. Yet, Paez still cannot articulate any fact-based theory of liability as to Orellana. Nor can he provide any basis for his original factual assertions made against her. Accordingly, the undersigned concludes the claims against her were brought in bad faith to avoid diversity jurisdiction. As such, the undersigned will recommend that she be dismissed from the case without prejudice and the motion to remand be denied.

## V. ORDER AND RECOMMENDATIONS

As stated above, the court **ORDERS** Paez's Reply (Dkt. 24) be **STICKEN** as untimely.

For the reasons listed above, the undersigned **RECOMMENDS** that the District Court **DENY** Plaintiff's Motion to Remand (Dkt. 11) and **DISMISS** Emely Orellana without prejudice.

The referral to the Magistrate Court should now be **CANCELED**.

## VI. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the

Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*).

    SIGNED October 31, 2024.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE